# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LINDSAY N. C.,[1] | : | Case No. 3:20-cv-407 |
| Plaintiff, | : | |
| vs. | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| Defendant. | : | |

## DECISION AND ENTRY

Plaintiff Lindsay N. C. brings this case challenging the Social Security Administration's partial denial of her applications for period of disability, Disability Insurance Benefits, and Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #13), the Commissioner's Memorandum in Opposition (Doc. #15), and the administrative record (Doc. #10).

**I.    Background**

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen,* 476 U.S. at 469-70.

In the present case, Plaintiff applied for benefits on September 2, 2016, alleging disability due to left foot stress fracture; diabetes; neuropathy affecting the feet; foot ulcers; foot swelling; and charcot. After Plaintiff's application was denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Amanda Knapp. Thereafter, the ALJ issued a written decision, applying the sequential evaluation process set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. She made the following findings of fact and conclusions of law:

1. [Plaintiff] meets the insured status requirements of the Social Security Act through March 31, 2022.

2. [Plaintiff] has not engaged in substantial gainful activity since December 14, 2017, the date [Plaintiff] became disabled (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

3. From December 14, 2017 through January 10, 2019, the period during which the [Plaintiff] was under a disability, [Plaintiff] had the following severe impairments: type-2 diabetes mellitus; bilateral charcot foot; osteoarthritis of the bilateral feet; diabetic neuropathy with chronic ulcers of skin and feet; diabetic retinopathy; neovascular glaucoma of the bilateral eyes, status post glaucoma surgery for the right eye; steatosis of the liver; obstructive sleep apnea; migraine headaches; hypertension; hyperlipidemia; obesity; depressive disorder; generalized anxiety disorder; and borderline intellectual functioning (20 CFR 404.1520(c) and 416.920(c)).

4. From December 14, 2017 through January 10, 2019, [Plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the [ALJ] finds that, from December 14, 2017 through January 10, 2019, [Plaintiff] had the residual functional capacity [(RFC)] to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except: She can occasionally operate foot controls with her bilateral lower extremities. She can occasionally climb

2

>    ramps or stairs, but can never climb ladders[,] ropes[,] or scaffolds. She can frequently balance or stoop, and occasionally kneel, crouch[,] or crawl. She can frequently perform tasks requiring near or far acuity. She must avoid concentrated exposure to extreme unprotected heights and moving mechanical parts. [S]he can perform simple routine tasks, but not at a production rate pace and not with strict production quotas. She can make simple work-related decision. She can adapt or occasional changes in the work setting or routine so long as those changes are explained in advance and implemented gradually. Due to the combination of her impairments, [Plaintiff] would be off task in excess of 10% of the work day and/or absent in excess of two days per month.

6.  From December 14, 2017 through January 10, 2019, [Plaintiff] was unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7.  [Plaintiff] was a younger individual age 18-44, on the established disability onset date (20 CFR 202.1563 and 416.963).

8.  [Plaintiff] has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.  Transferability of job skills is not an issue in this case because [Plaintiff's] past relevant work is unskilled (20 CFR 404.1568 and 416.968).

10. From December 14, 2017 through January 10, 2019, considering [Plaintiff's] age, education, work experience, and [RFC], there were no jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed (20 CFR 404.1560(c), 404.1566, 416.960(c) and 416.966).

11. [Plaintiff] was under a disability, as defined by the Social Security Act, from December 14, 2017 through January 10, 2019 (20 CFR 404.1520(g) and 416.920(g)).

12. [Plaintiff] has not developed any new impairment or impairments since January 11, 2019, the date [Plaintiff's] disability ended. Thus, [Plaintiff's] current severe impairments are the same as that present from December 14, 2017 through January 10, 2019.

13. Beginning January 11, 2019, [Plaintiff] has not had an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1594(f)(2) and 416.994(b)(5)(i)).

14. Medical improvement occurred as of January 11, 2019, the date [Plaintiff's] disability ended (20 CFR 404.1594(b)(1) and 416.994(b)(1)(i)).

15. The medical improvement that has occurred is related to the ability to work because there has been an increase in [Plaintiff's] [RFC] (20 CFR 404.1594(b)(4)(i) and 416.994(b)(1)(iv)(A).

16. After careful consideration of the entire record, the [ALJ] finds that, beginning January 11, 2019, [Plaintiff] has had the [RFC] to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except: She can occasionally operate foot controls with her bilateral lower extremities. She can occasionally climb ramps or stairs, but can never climb ladders ropes or scaffolds. She can frequently balance or stoop, and occasionally kneel, crouch or crawl. She can frequently perform tasks requiring near or far acuity. She must avoid concentrated exposure to workplace hazards like unprotected heights and moving mechanical parts. She can perform simple routine tasks, but not at a production rate pace and not with strict production quotas. She can make simple work-related decisions. She can adapt to occasional change in the works setting or routine so long as those changes are explained in advance and implemented gradually.

17. [Plaintiff] is unable to perform past relevant work (20 CFR 404.1565 and 416.965).

18. [Plaintiff's] age category has not changed since January 11, 2019 (20 CFR 404.1563 and 416.963).

19. [Plaintiff's] education level has not changed (20 CFR 404.1564 and 416.964).

20. Transferability of job skills is not an issue in this case because [Plaintiff's] past relevant work is unskilled (20 CFR 404.1568 and 416.968).

21. Beginning January 11, 2019, considering [Plaintiff's] age, education, work experience and [RFC], there have been jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 404.1560(c), 404.1566, 416.960(c) and 416.966).

22. [Plaintiff's] disability ended January 11, 2019, and [Plaintiff] has not become disabled again since that date (20 CFR 404.1594(f)(8)).

(Doc. #10-2, *PageID* #s 47-58).[2]

---

[2] Plaintiff's assignment of error was limited to the ALJ's decision to not include the work-preclusive limitations relating to off-task behavior and absenteeism in her RFC following January 11, 2019. Accordingly, she has waived her right to challenge any other findings as she failed to adequately raise them. *See Swain v. Comm'r of Soc. Sec.*, 379

The evidence of record is adequately summarized in the ALJ's decision (Doc. #10-2, *PageID* #s 47-58), Plaintiff's Statement of Errors (Doc. #13), and the Commissioner's Memorandum in Opposition (Doc. #15). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

**II.     Standard of Review**

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec*., 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

---

F. App'x 512, 517-18 (6th Cir. 2010) (finding plaintiff had waived its challenge to the ALJ's findings on certain impairments by not raising it in the merits brief).

**III.     Discussion**

In her Statement of Errors, Plaintiff alleges that the ALJ erred in removing the restrictions for off-task behavior and absences in her RFC after January 10, 2019. (Doc. #13, *PageID* #s 2979-81).  Here, Plaintiff points out that from December 14, 2017 through January 10, 2019, ALJ Knapp formulated a RFC to perform a reduced range of sedentary work that included, *inter alia*, limitations that Plaintiff "be off task in excess of 10% of the work day and/or absent in excess of two days." *Id*. at 2979-80 (citing Doc. #10-2, *PageID* #51).  However, due to her finding that Plaintiff's condition improved beginning January 11, 2019, ALJ Knapp found that the restrictions relating to off-task behavior and absenteeism were no longer supported by the record and removed them from Plaintiff's RFC starting January 11, 2019.  (Doc. #10-2, *PageID* #51). According to Plaintiff, the removal of these restrictions from Plaintiff's RFC was reversible error because her hearing testimony demonstrated that she had not experienced medical improvement with her foot ulcers. (Doc. #13, *PageID* #s 2980-81).

Plaintiff also contends that her position is supported by the vocational expert's testimony, which she believes the ALJ did not fully consider. At the hearing, ALJ Knapp posed a series of hypotheticals to the vocational expert about the availability of jobs in the national economy for an individual with certain hypothetical limitations.  (Doc. #10-2, *PageID* #s 98-102).  In response to the first several hypotheticals, the vocational expert testified that such an individual would be able to perform a significant number of jobs existing in the national economy. *Id* at 98-102.  Finally, when asked by ALJ Knapp the tolerance for off-task behavior and absenteeism in the workplace, the vocational expert testified based on her "work experience and training" that employers will "tolerate up to a ten percent off task" and "up to two [absences] per month[.]" *Id*. at 102.

6

As previously noted, in assessing Plaintiff's RFC, ALJ Knapp ultimately decided not to include the work-preclusive limitations related to off-task behavior and absenteeism following January 10, 2019 due to her documented medical improvement. (*See* Doc. #10-2, *PageID* #51). Thus, Plaintiff contends that ALJ Knapp "erred in failing to fully consider the testimony of the vocational expert" as she would have been found disabled had these limitations been included in her final RFC. (Doc. #13, *PageID* #2981).

An individual's RFC is her "maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis …." Soc. Sec. R. 96-8p, 1996 WL 374184, *2 (July 2, 1996). The ALJ is responsible for assessing an individual's RFC. 20 C.F.R. § 404.1520(a)(4). The ALJ's RFC assessment must be "based on all of the relevant evidence in the case record, including information about the individual's symptoms and any 'medical source statements' -- *i.e.*, opinions about what the individual can still do despite his or her impairment(s) -- submitted by an individual's treating source or other acceptable medical sources." Soc. Sec. R. 96-8p, 1996 WL 374184, *2 (footnote omitted). Furthermore, in assessing a plaintiff's RFC, the ALJ is not required to incorporate every limitation included in the hypothetical questions posed to the vocational expert—rather, the ALJ need only incorporate the limitations he deems credible. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993) ("It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact.") (internal citation omitted).

In this case, substantial evidence supports ALJ Knapp's assessment of Plaintiff's RFC. ALJ Knapp explained the history of Plaintiff's physical impairments, including, but not limited to, her diabetes, bilateral charcot foot, chronic ulcers of skin and feet, and neurovascular glaucoma of

7

the bilateral eyes, and found that from December 14, 2017 through January 10, 2019, she was under benefits-qualifying disability (Doc. #10-2, *PageID* #s 50-54). However, consistent with the regulations, ALJ Knapp found that, following this closed period of disability, there was medical improvement in Plaintiff's condition such that she would be able to engage in substantial gainful activity. *See id*. at 56-57; *see also Niemasz v. Barnhart*, 155 F. App'x 836, 840 (6th Cir. 2005) (holding that in order to end benefits following a closed period of disability, there must be "substantial evidence" of "medical improvement" and proof that the plaintiff is "now able to engage in substantial gainful activity."). Specifically, she found:

> On January 10, 2019, [Plaintiff] was 13-weeks post shunt surgery for her right eye; she denied loss of vision, eye pain, redness, or discharge. Her treating doctor noted that she was doing well postoperatively though her IEP was elevated and she was hypertensive. On January 17, 2019, [Plaintiff's] treating ophthalmologist reported that [Plaintiff's] best corrected visual acuity is 20/25-2 in the left eye and 20/80-1 pinhole 20/60, in the right eye.

(Doc. #10-2, *PageID* #56) (internal record citations omitted).

As a result, ALJ Knapp found this demonstrated improvement in Plaintiff's medical conditions starting January 11, 2019 no longer justified the inclusion of the work-preclusive limitations of off-task behavior and absenteeism in her RFC. *Id*. at 56- 57.

In response, Plaintiff does not challenge ALJ Knapp's finding of medical improvement as to her vision but, rather, maintains that her continued pain from her foot ulcers and use of assistive boots on her feet necessitate a finding that she would be off task for at least 10 percent of the workday and/or absent at least two days a month. (Doc. #13, *PageID* #s 2980-81). Despite these contentions, the administrative record does not contain any medical opinion detailing how Plaintiff's foot ulcers continue to impact her functioning to the point that they would cause her to suffer from the work-preclusive limitations she advocates for. Instead, Plaintiff relies purely on

8

her subjective complaints to support her claim that her final RFC should have included these work-preclusive restrictions. (Doc. #13, *PageID* #s 2980-81).

It is well-settled that an ALJ is not required to accept a plaintiff's subjective complaints but may instead properly consider the credibility of a plaintiff. *Infantado v. Astrue*, 263 F. App'x 469, 475 (6th Cir. 2008) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)). If the ALJ's credibility determinations are explained and enjoy substantial support in the record, the Court is without authority to revisit those determinations. *Sullenger v. Comm'r of Soc. Sec.*, 255 F. App'x 988, 995 (6th Cir. 2007) (declining to disturb the ALJ's credibility determination, stating that: "[w]e will not try the case anew, resolve conflicts in the evidence, or decide questions of credibility" (citation omitted)). *See Beavers v. Sec'y. of Health, Educ. and Welfare*, 577 F.2d 383, 386-87 (6th Cir. 1978).

In this case, it is notable that none of the subjective complaints cited by Plaintiff actually demonstrate that her impairments would cause the limitations she advocates for. Specifically, in support of her argument, Plaintiff points to her testimony that "she wears a walker boot on her right foot and a surgery boot on her left foot" as well as the fact that she "continues to experience chronic foot ulcers on her left foot as a result of her conditions." (Doc. #13, *PageID* #2981). Absent from Plaintiff's argument, however, is how these assistive boots and foot ulcers translate to a finding that she would be off-task for more than 10 percent of the day and/or be absent from work at least two days a month.

Further, even if Plaintiff had provided such citations to the record, substantial evidence exists to support ALJ Knapp's decision not to include those limitations in the final RFC. For example, in response to Plaintiff's subjective complaints regarding the severity of her symptoms, ALJ Knapp concluded that Plaintiff's "statements concerning the intensity, persistence and

9

limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" (Doc. #10-2, *PageID* #57). Here, the ALJ noted that restricting Plaintiff to a reduced range of sedentary exertion would adequately address her symptoms and there was no evidence indicating that she would not be able to perform this level of work on a regular and continuing basis. *Id*. She further explained how Plaintiff's medical improvement justified these findings:

> The record since [Plaintiff's] disability ended shows improvement in her vision. In addition, [Plaintiff] has not required additional hospitalization for her foot ulcers or abdominal wounds. In addition, [Plaintiff] worked with a specialist to get greater control over her diabetes mellitus. [Plaintiff] testified that she performs a wide range of activities of daily living, including working as a part-time babysitter, cooking, cleaning, daytime driving, shopping, and attending family sports events.

*Id*. (internal record citations omitted).

Hence, ALJ Knapp carefully considered the totality of the evidence, applied the proper standards, and clearly explained her credibility findings. In doing so, she did not find Plaintiff's alleged impairments to be wholly uncredible but, rather, she simply found that her medical conditions improved to the point that she no longer required these restrictions in her RFC. Under these circumstances, this Court is without authority to disturb that finding.

For these reasons, Plaintiff's statement of error is not well taken.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Statement of Errors (Doc. # 13) is **DENIED**;

2. The Commissioner's non-disability determination is **AFFIRMED**; and

3. The case is terminated on the docket of this Court.

March 3, 2022                                       *s/Peter B. Silvain, Jr.*
                                                    Peter B. Silvain, Jr.
                                                    United States Magistrate Judge